Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**PROPOSED COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **In re:** § | |
| § | **CASE NO. 10-30987-SGJ-11** |
| **MALUHIA ONE, LLC,** § | |
| § | **CHAPTER 11** |
| **Debtor.** § | |

### DEBTOR'S RESPONSE TO MOTION BY BANK OF AMERICA, N.A. FOR APPOINTMENT OF SUCCESSOR INDENTURE TRUSTEE

TO THE HONORABLE STACEY G.C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

Maluhia One, LLC ("Debtor"), debtor and debtor-in-possession in the above-referenced bankruptcy case, files this Response (the "Response") to the Motion by Bank of America, N.A., Acting ("Bank of America") for Appointment of Successor Indenture Trustee (the "Motion") and would respectfully show as follows:

### BACKGROUND

1.  On February 8, 2010, the Debtor filed for bankruptcy protection under chapter 11 of the Bankruptcy Code.  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its businesses and manage its properties as a debtor in possession.

2. No trustee or examiner has been appointed in the Debtor's Chapter 11 bankruptcy proceeding, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

3. Prior to the petition date, Bank of America, as successor to LaSalle Bank, N.A., served as the Indenture Trustee[1] under that certain Trust Indenture among the Debtor, PRM Realty Group, LLC, and Bank of America dated on or about February 15, 2008.

4. On or about December 14, 2009, Bank of America resigned as Indenture Trustee, citing "the potential for the appearance of a future conflict of interest" arising out of Bank of America's lending relationship with PRM Realty Group, LLC ("PRM Realty"), an affiliated debtor in possession and guarantor of the Trust Indenture. (Motion, ¶1.)

5. The lending relationship between PRM Realty and LaSalle Bank, as successor to LaSalle Bank, N.A. (succeeded by Bank of America) began on March 8, 2006, long before Bank of America became Indenture Trustee. The unsecured line of credit between, *inter alia*, PRM Realty and Bank of America was extended in March 2007 and again effective in March 2008. On information and belief, the merger of LaSalle Bank and Bank of America closed in October 2007.

6. On April 5, 2010, Bank of America filed its Motion requesting the Court to appoint a successor Trustee under the Trust Indenture.

7. On April 6, 2010, Bank of America filed its Motion by Bank of America, N.A., Acting as Indenture Trustee, for Adequate Protection, or in the Alternative, Relief from the Automatic Stay [Docket No. 25] (the "Motion to Lift Stay"), which Motion to Lift Stay was filed a second time on April 7, 2010 [Docket No. 26].

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

**DEBTOR'S RESPONSE TO MOTION BY BANK OF AMERICA, N.A. FOR APPOINTMENT OF SUCCESSOR INDENTURE TRUSTEE – Page 2 of 7**

8. On April 20, 2010, the Debtor filed its Objection to the Bank of America Motion to Lift Stay [Docket No. 31] (the "Objection"). The Debtor incorporates its Objection by reference herein.

## RESPONSE

9. This Court lacks jurisdiction to consider Bank of America's Motion and enter the relief requested therein. Further, the conflict cited by Bank of America as the reason for its resignation as Indenture Trustee, whether perceived or actual, has existed for as long as Bank of America has served as Indenture Trustee and did not arise upon the Debtor's alleged default under the Trust Indenture and/or filing of its bankruptcy petition. Finally, the Motion fails to provide a workable mechanism for the Court to select a qualified successor Indenture Trustee that is willing to accept the appointment and the opportunity for the Debtor and other parties in interest to object to the appointment of a specific successor Indenture Trustee candidate.

### A. This Court Lacks Jurisdiction to Consider Bank of America's Motion

10. This Court lacks jurisdiction to consider Bank of America's motion and enter the relief requested therein. Bank of America's Motion points to 28 U.S.C. § 1334(b) as the statutory basis authorizing the Court to provide the relief that Bank of America requests.[2] Although Section 1334(b)'s grant of original but not exclusive jurisdiction of all civil proceedings "arising under title 11, or arising in or related to cases under title 11" is broad, it is not limitless. The Fifth Circuit has adopted the Third Circuit's *Pacor* test for actions "related to" cases under title 11, finding that an action is "related to" a case under title 11 where "the

---

[2] The Debtor submits that 11 U.S.C. § 1109(b) does not provide the Court with the authority to enter the relief Bank of America seeks. Further, Debtor is not aware of any precedent where a Bankruptcy Court has exercised its jurisdiction to select and appoint an indenture trustee under a third party trust indenture agreement. Although Bank of America cites *In re Farmland Indus., Inc.* as precedent, this case is distinguishable since the order entered appointing a successor indenture trustee was the result of an agreement among all parties in interest, including the Chapter 11 bankruptcy debtor, and identified the successor indenture trustee agreed upon by all parties. *See* Order Authorizing and Approving Trustee Resignation, Successor Appointment and Acceptance Agreement, Docket No. 1938 in *In re Farmland Indus., Inc.*, Case No. BK-02-50557-JWV (Bankr. W.D. Mo. January 8, 2003).

**DEBTOR'S RESPONSE TO MOTION BY BANK OF AMERICA, N.A. FOR APPOINTMENT OF SUCCESSOR INDENTURE TRUSTEE – Page 3 of 7**

outcome of the proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood (Wood v. Wood)*, 825 F.2d 90, 93 (quoting with approval *Pacor, Inc. v. Higgins*, 743 F.2d 984, 993-94 (3d Cir. 1984)) (emphasis original). More specifically, an action is related to a bankruptcy case if "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Majestic Energy Corporation (FDIC v. Majestic Energy Corporation)*, 835 F.2d 87, 90 (5th Cir. 1988). Conversely, a proceeding that does not impact the administration of the bankruptcy case, property of the estate, or distribution to creditors does not fall under the court's "related to" jurisdiction under Section 1334(b). *See* 3 Collier on Bankruptcy ¶ P3.01[3][v] (Alan N. Resnick & Harry J. Sommers eds., 15th rev. ed. 2000).

11. The request in Bank of America's Motion does not satisfy the "related to" standard set forth by the Fifth Circuit because it cannot conceivably have any effect on the Debtor's estate being administered in bankruptcy. Bank of America does not seek relief that will alter the nature of the debt underlying the Trust Indenture or the rights of the Debtor and the other parties to the Trust Indenture established pre-petition, including the Trust Indenture's pre-petition priority. Bank of America has not alleged – and it cannot show – that the appointment of a successor Indenture Trustee will in any way alter the Debtor's rights, liabilities, options, or freedom of action under the Trust Indenture. Further, the appointment of a successor Indenture Trustee will not have any impact on the handling or administration of the Debtor's bankrupt estate. The Trust Indenture mandates that an Indenture Trustee remain in place during the life of the Trust Indenture and narrowly defines the qualifications and requirements of the Indenture Trustee. The Debtor does not believe that the identity of the specific entity in the Indenture

**DEBTOR'S RESPONSE TO MOTION BY BANK OF AMERICA, N.A. FOR APPOINTMENT OF SUCCESSOR INDENTURE TRUSTEE – Page 4 of 7**

Trustee role, assuming such Indenture Trustee satisfies the qualifications of the Trust Indenture, is a factor significant enough to have a discernible effect on the administration of the Debtor's estate. Because the relief requested in Bank of America's Motion will not impact the administration of the Debtor's case, property of the Debtor's estate, or distribution to creditors, the Court lacks jurisdiction under Section 1334(b) to consider the Motion and grant the relief requested therein.

### B. The Motion Does Not Raise a New Conflict

12. Bank of America argues that a potential conflict of interest exists since, as Indenture Trustee, it may be forced to pursue PRM Realty as Indenture Trustee for recovery under the Trust Indenture while simultaneously pursuing an unsecured claim against PRM Realty on its own account. Yet this potential conflict, if a conflict at all, has existed from the moment Bank of America succeeded LaSalle Bank, N.A. as Indenture Trustee and did not arise upon Debtor's alleged default under the Trust Indenture or filing of its bankruptcy petition. Notwithstanding this potential or perceived conflict, Bank of America satisfied the requirements under the Trust Indenture to serve as Indenture Trustee, and there has not been a post-petition change of circumstance to alter Bank of America's qualifications. Furthermore, Bank of America has not alleged any facts to show that its contingent claim against PRM Realty as Indenture Trustee should be treated as a secured claim. As such, Bank of America's unsecured claim against PRM Realty in its own right and contingent unsecured claim against PRM Realty as Indenture Trustee are entitled to the same treatment under the Bankruptcy Code, and Bank of America's incentives and motivations with respect to both PRM Realty claims should align, negating the impact of any perceived conflict of interest.

### C. The Motion Does Not Provide the Debtor and Other Parties in Interest the Opportunity to Object to Any Specific Candidate for Successor Indenture Trustee

13. Finally, Bank of America's Motion should be denied since, even if the Court finds it has jurisdiction to consider the Motion and also finds an actual conflict of interest, the Motion fails to provide the Court with a mechanism for selecting, vetting, and approving a successor Indenture Trustee that will allow all parties in interest, including the Debtor and the individual note holders, the opportunity to object to the appointment of a specific candidate. Section 8.10 of the Trust Indenture imposes strict and demanding eligibility requirements on an Indenture Trustee candidate, and all parties in interest should be given the opportunity to investigate a particular candidate's eligibility to serve as Indenture Trustee prior to appointment by the Court.

WHEREFORE, Debtor requests this Court deny Bank of America's Motion and grant Debtor such other and further relief to which it may show itself justly entitled.

Dated: April 26, 2010.	Respectfully submitted,

*/s/ Melanie P. Goolsby*
Gerrit M. Pronske
Texas Bar No. 16351640
Rakhee V. Patel
Texas Bar No. 00797213
Melanie P. Goolsby
Texas Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**PROPOSED COUNSEL FOR THE DEBTOR**

# CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that, on April 26, 2010, I caused to be served the foregoing pleading upon counsel listed below via email and also via electronic notice to all parties accepting ECF service.

Andrew E. Jillson  
Jarrett L. Hale  
Cameron W. Kinvig  
Hunton & Williams, LLP  
1445 Ross Avenue, Suite 3700  
Dallas, TX  75202-2799  
Email: ajillson@hunton.com  
       jhale@hunton.com  
       ckinvig@hunton.com  

ATTORNEYS FOR BANK OF AMERICA,  
N.A., ACTING AS INDENTURE TRUSTEE

                                                      */s/ Melanie P. Goolsby*  
                                                      Melanie P. Goolsby